SAWYER SPINDLE CO. OF MAINE v. CARPENTER.

(Circuit Court of Appeals, First Circuit. February 23, 1906.)

No. 619.

1. PATENTS—TERM—EXPIRATION OF PRIOR FOREIGN PATENT.

The amendment of Rev. St. § 4887, by Act March 3, 1897, c. 391, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3382], did not affect patents previously issued, either as to their validity or length of term, and such a patent covering an invention previously patented in a foreign country remained as to length of term governed by the original section, and not by section 4884 [U. S. Comp. St. 1901, p. 3381].

2. SAME.

The amendment of Rev. St. § 4887, as previously amended by Act March 3, 1897, c. 391, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3382], by Act March 3, 1903, c. 1019, 32 Stat. 1225 [U. S. Comp. St. Supp. 1905, p. 663], does not affect the term of patents for inventions previously patented in a foreign country, but only their validity, and did not operate to revive such a patent which had previously expired under the provisions of the section as it originally stood.

3. SAME—SPINDLE SPOOL FOR SPINNING MACHINES.

The Sherman patent, No. 363,425, for a spindle support for spinning machines, expired in 1897, with the expiration of the Bristol patent, for substantially the same invention.

Appeal from the Circuit Court of the United States for the District of Rhode Island.

For opinion below, see 133 Fed. 238.

William K. Richardson (J. L. Stackpole, on the brief), for appellant.

James M. Morton, Jr. (Jennings, Morton & Brayton, on the brief), for appellee.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. This was a bill in equity to restrain the infringement of letters patent No. 363,425, issued to Sherman for an improved spindle spool. The answer set up the expiration of the patent before suit brought, by reason of the prior expiration of a British patent, No. 2,510, of 1883, alleged to have been issued to Sherman for the same invention.

The patent in suit was applied for July 3, 1882, and was issued May 24, 1887. The provisional specification of the British patent was filed by Clark, Sherman's agent, May 19, 1883, which is taken as the date of the British patent. This expired May 19, 1897.

The first four claims of the patent in suit are admitted to be substantially identical with the first four claims of the British patent, and to have expired with them. Only one claim of the American patent is here in suit, viz:

"(5) A spindle, a supporting-tube closed at its bottom and having a chamber to contain oil, and a detached bolster placed in the chamber of the supporting-tube and moving with the spindle as its foot seeks its true center of rotation, combined with means to connect the tube and bolster and positively prevent the rotation of the bolster with the spindle, substantially as described."

The complainant contended that this claim differed from any claim of the British patent—from claims 1 and 3 of the latter, for example, which read as follows:

"(1) The combination with the bolster-case having a closed bottom of the bolster having a step for the spindle and fitted loosely in the bolster-case peripherally throughout its whole length whereby an oil-cushion is formed between the interior of the bolster-case and the exterior of the bolster throughout its entire length and the bolster is left free to vibrate as a whole against said oil-cushion laterally in all directions substantially as described and for the purpose set forth."

"(3) The combination of a sleeve wheel spindle, a bolster-case having a closed bottom, a bolster fitted loosely within the bolster-case throughout its entire length whereby it is made capable of motion in a lateral direction as a whole, and means for positively restraining the bolster from turning substantially as and for the purpose described."

The complainant argued that the claim in suit was generic; that it did not call for "a bolster fitted loosely within the bolster-case throughout its entire length," as set out in claim 3 of the British patent, nor for an oil cushion "between the interior of the bolster-case and the exterior of the bolster," as set out in claim 1; but that the claim was broadly for a lock in combination with a flexible bolster of any sort. If the claim in suit were limited to the combination of this lock and an oil cushion, the complainant admitted that the claims above quoted of the British patent covered it, and that the American and British patents were for the same invention. On this point the disclaimer found on the second page of the American patent, lines 63 to 72, is conclusive:

"In regard to the feature of positively locking the bolster to the bolster-case, to prevent the former from turning, this I do not claim, broadly, but only said feature when combined with the bolster-case with a closed bottom, and a bolster having a loose peripheral fitting with an oil-cushion, the presence of the oil-film on the exterior rendering it more liable to turn, and hence the greater necessity for a positive restraint."

This language proves that the positive lock which the complainant asserted to be the essential feature of the invention patented by Sherman was, by Sherman's disclaimer, limited in the patent to a lock in combination with an oil-cushion. See, also, page 2, line 18, of the specifications:

"The essential features of my invention, therefore, are the peripheral loose fitting of the bolster in its case throughout the entire length of the bolster in connection with the closed bottom of the case, which together forms an oil-cushion between the bolster and its case throughout the entire length of the bolster, and in connection with this the means for positively restraining the bolster from turning."

And to the same effect are page 1, lines 73, 74, 87-91, page 2, lines 15-17, 33-35. Claim 5 must be taken to be substantially identical with the claims above quoted of the British patent.

At the time the patent in suit was issued section 4887 of the Revised Statutes [U. S. Comp. St. 1901, p. 3382] was in force in its original form. By virtue of that section, the patent was limited to expire with the British patent May 19, 1897. The complainant contended that since the passage of Act March 3, 1903, c. 1019, 32 Stat. 1225 [U. S. Comp. St. Supp. 1905, p. 663], every patent whenever

granted is limited only by the term expressed in its grant, and is governed by Rev. St. § 4884 [U. S. Comp. St. 1901, p. 3381]. Under this contention, the patent expired May 24, 1904. In order to understand the legislation under consideration it is here printed in full.

Revised Statutes:

"Sec. 4887. No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid, by reason of its having been first patented or caused to be patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application. But every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years."

Act March 3, 1897, c. 391, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3382]:

"Sec. 3. That section forty-eight hundred and eighty-seven of the Revised Statutes be, and the same hereby is, amended by inserting on line one, after the words 'no person,' the words 'otherwise entitled thereto,' and on line three, after the words 'cause to be patented,' the words 'by the inventor or his legal representatives or assigns,' and by erasing therein all that portion of the section which follows the words 'in a foreign country,' on lines three and four, and substituting in lieu thereof the following: 'unless the application for said foreign patent was filed more than seven months prior to the filing of the application in this country, in which case no patent shall be granted in this country' so that the section so amended will read as follows:

" 'Sec. 4887. No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid, by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than seven months prior to the filing of the application in this country, in which case no patent shall be granted in this country.' "

"Sec. 8. That this act shall take effect January first, eighteen hundred and ninety-eight, and sections one, two, three, and four, amending sections forty-eight hundred and eighty-six, forty-nine hundred and twenty, forty-eight hundred and eighty-seven, and forty-eight hundred and ninety-four of the Revised Statutes, shall not apply to any patent granted prior to said date, nor to any application filed prior to said date, nor to any patent granted on such an application."

Act March 3, 1903, c. 1019, § 1, 32 Stat. 1225 [U. S. Comp. St. Supp. p. 663]:

"That section forty-eight hundred and eighty-seven of the Revised Statutes is amended by changing the word 'seven' to 'twelve,' and by inserting after the word 'months' the words 'in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes, and four months, in cases of designs,' and by adding the following words: 'An application for patent for an invention or discovery or for a design filed in this country by any person who has previously regularly filed an application for a patent for the same invention, discovery, or design in a foreign country which, by treaty, convention, or law, affords similar privileges to citizens of the United States shall have the same force and effect as the same application would have if filed in this country on the date on which the application for patent for the same invention, discovery, or design was first filed in such foreign country, provided the application in this country is filed within twelve months in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes, and within four

months in cases of designs, from the earliest date on which any such foreign application was filed. But no patent shall be granted on an application for patent for an invention or discovery or a design which had been patented or described in a printed publication in this or any foreign country more than two years before the date of the actual filing of the application in this country, or which had been in public use, or on sale in this country for more than two years prior to such filing'; so that the section so amended shall read:

·" 'Sec. 4887. No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than twelve months, in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes, and four months in cases of designs, prior to the filing of the application in this country, in which case no patent shall be granted in this country.

" 'An application for patent for an invention or discovery or for a design filed in this country by any person who has previously regularly filed an application for a patent for the same invention, discovery, or design in a foreign country which, by treaty, convention, or law, affords similar privileges to citizens of the United States shall have the same force and effect as the same application would have if filed in this country on the date on which the application for patent for the same invention, discovery, or design was first filed in such foreign country, provided the application in this country is filed within twelve months in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes, and within four months in cases of designs, from the earliest date on which any such foreign application was filed. But no patent shall be granted on any application for patent for an invention or discovery or a design which had been patented or described in a printed publication in this or any foreign country more than two years before the date of the actual filing of the application in this country, or which had been in public use or on sale in this country for more than two years prior to such filing.' "

Let us consider how the law stood regarding patents like that here in suit at every stage of the legislation, bearing in mind the necessary distinction between the validity of a patent and its term. Act July 4, 1836, c. 357, § 8, 5 Stat. 121, provided that prior foreign patenting within six months of the application here should not invalidate the domestic patent, which was left in force as expressed on its face. Act March 3, 1839, c. 89, § 6, 5 Stat. 354, did not affect patents validated by the act of 1836, but, in addition thereto, validated American patents for inventions which had been patented abroad more than six months before the application here. It first gave to foreign patenting an effect upon the term of an American patent for the same invention by reckoning the statutory term of the American patent from the foreign rather than from the American issue. The general codification of the patent laws in Act July 8, 1870, c. 230, 16 Stat. 201, materially changed the effect given to foreign patenting, and in this respect did not merely codify existing legislation. Bate Refrigerating Co. v. Sulzberger, 157 U. S. 1, 41, 15 Sup. Ct. 508, 39 L. Ed. 601. The American patent was made to expire with the foreign patent of shortest term, and not at the usual statutory period reckoned from the date of the foreign application. The provisions of section 25 of the act of 1870 were substantially like those of Rev. St. § 4887 [U. S. Comp. St. 1901, p. 3382]. The latter was expressed

in two sentences. In substantial accordance with the Acts of 1836 and 1839, as amended by the act of 1870, the first sentence declared that no patent should be deemed invalid because of prior foreign patenting. This sentence dealt with validity as affected by foreign patenting, and with that subject only. The second sentence dealt with the term of an American patent as affected by prior foreign patenting, and not at all with its validity, carrying out the radical alteration of the term which was introduced by the act of 1870.

When granted, the patent in suit fell within the purview of both sentences of section 4887. The first saved it from invalidation by the prior British patenting. The second limited its term by that of the British patent; i. e., May 19, 1897. Had the legislation remained unchanged to the present day the defense to this bill would un- doubtedly be complete.

The act of March 3, 1897, was passed before the expiration of the patent in suit. Section 3 amended both sentences of Rev. St. § 4887. The only important amendment to the first sentence invali- dated American patents where the foreign application was filed more than seven months before the American application. The second sen- tence of section 4887 was stricken out altogether. As thus amended, section 4887 dealt solely with the invalidation of patents by reason of foreign patenting, and in no way affected their term. As no legis- lation remained to give to prior foreign patenting any effect upon the term of an American patent for the same invention, that term stood as fixed by the grant issued under Rev. St. § 4884.

In order to save earlier patents from the operation of the act of 1897 as to their term or validity, section 8 expressly provided that the amendment of Rev. St. § 4887, should not apply to patents granted before January 1, 1898. These were left to be governed by section 4887 in its original form. Therefore the patent in suit was left by the act of 1897 unaffected either as to its validity or as to its term, governed as to the latter by the second clause of section 4887, and not by section 4884. By this saving of rights, some patents were left valid which would have been invalidated had the act of 1897 been made retroactive; e. g., cases in which the foreign patent had been applied for more than seven months before the domestic application. Other patents were left invalid which would have been validated had the act of 1897 been made retroactive; e. g., cases in which the American patent had expired by reason of the expiration of the British patent. The general saving of rights to individuals and to the public made by section 8 applied alike to both cases. The patent in suit, therefore, expired May 19, 1897, as it would have done had the act of 1897 never been passed.

The act of 1903 amended section 4887 as amended. It did not purport to affect the term of patents in any respect, but only the requisites of their validity. Before its passage, as has just been said, the patent in suit was controlled as to its term by section 4887 in its original form. The act of 1903 manifested no intention to change this control, or in effect to revive a patent which had expired six years before its passage. Complainant has referred to statutes

which repealed earlier legislation imposing penalties or working forfeitures. These repealing statutes have often been given a retroactive effect. But the second sentence of Rev. St. § 4887, imposed no penalty, and worked no forfeiture. Moreover, the case does not stand as if the second sentence of Rev. St. § 4887, had been repealed without qualification. Legislation will not easily be construed to destroy by mere implication rights expressly saved to the public or to individuals in earlier legislation from its retroactive operation. As the act of 1897 expressly left the patent in suit to expire in 1897, and as the act of 1903 manifested no contrary intention, it follows that the Sherman patent expired before this suit was brought.

We find no sufficient reason to vary the order of the court below respecting costs.

The decree of the Circuit Court is affirmed, and the appellee recovers his costs of appeal.